UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

No. 1:26-cv-02621

**Ramirez Olguin,**
*Petitioner,*
v.
**Blanche, et al.,**
*Respondents.*

## ORDER

Carlos Ramirez Olguin is a native and citizen of Mexico currently being detained by Respondents pending removal proceedings pursuant to 8 U.S.C. § 1226(a). He filed a petition for writ of habeas corpus demanding his immediate release or an individualized bond hearing and an injunction against transfer outside the Western District while his petition is pending. Petitioner also requests an order preserving the Court's jurisdiction while his petition is pending. Because his detention is lawful, his petition and request for injunctive relief are denied. Petitioner's request for an order preserving the Court's jurisdiction is denied as moot.

## BACKGROUND

Petitioner last entered the United States on or about November 22, 2019, with an H-2A employment visa. He was authorized to remain until June 25, 2020, and overstayed. On or about August 11, 2026, Petitioner was taken into federal immigration custody following a traffic stop. Petitioner is currently detained at the T. Don Hutto Detention Center in Taylor, Texas.

On September 22, 2026, Petitioner filed a petition for writ of habeas corpus contesting his detention and seeking immediate release or an individualized bond hearing and an injunction against transferring him outside the Western District of Texas while his petition is pending. The Court ordered Respondents to show cause why the writ should not be granted. Respondents answered, and Petitioner replied. The Court again ordered Respondents to show cause why the writ should not be granted. Respondents answered, and the Court now addresses the petition.

## LEGAL STANDARD

"[A]bsent suspension, the writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. CONST. art. I, § 9, cl. 2). Through 28 U.S.C. § 2241, Congress authorized federal district courts to entertain habeas corpus petitions, including petitions brought by noncitizens such as Petitioner, challenging the lawfulness of their immigration detention. *See Demore v. Kim*, 538 U.S. 510, 516–17 (2003) (confirming section 2241 jurisdiction over a constitutional challenge to immigration detention); *see also Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001). The writ exists to "grant relief from unlawful imprisonment or custody," *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976), and does not reach a challenge to a final order of removal, which Congress has channeled exclusively to the courts of appeals, *see* 8 U.S.C. § 1252(a)(5).

To obtain the writ, a petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3); *see Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam). The petitioner bears the burden of demonstrating that the challenged custody is unlawful,

and the Court must "summarily hear and determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.

## ANALYSIS

Petitioner asserts that his pre-removal detention is unlawful because it violates due process, the Immigration and Nationality Act ("INA"), agency regulations, and 8 U.S.C. § 1357(a)(2). His arguments, however, fail.

Petitioner is not entitled to habeas relief because he has not exhausted his administrative remedies. Petitioner is detained pursuant to section 1226(a), meaning he is entitled to a bond hearing. *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018). Petitioner alleges he is entitled to release because he has not received a bond hearing. But Petitioner has not requested a bond hearing. A person seeking habeas relief must first exhaust all available administrative remedies. *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992) (per curiam). This means that Petitioner must first request a bond hearing and then ask the Board of Immigration Appeals to review the asserted legal and factual errors with the Immigration Court's bond determination. *See generally* 8 C.F.R. §§ 1003.19, 1236.1. Such a request would not be futile since the holding in *Matter of Yajure Hurtado*, did not address aliens held under section 1226(a). 29 I. & N. Dec. 216, 220 (BIA 2025). But Petitioner has not done so.

Due process also does not require Petitioner's release. "[D]ue process does not entitle [Petitioner] to additional proceedings beyond what Congress has provided[,]" and an alien "ha[s] no substantive due process right to freedom from custody pending removal proceedings[.]" *Rodriguez v. Vergara*, __

F.4th __, 2026 WL 3181188, at *5, 12 (5th Cir. Oct. 23, 2026) (en banc). Petitioner's due process claim thus fails.

Neither agency regulations nor 8 U.S.C. § 1357(a)(2) require Petitioner's release. Petitioner alleges he is entitled to release because he was arrested without a warrant in violation of agency regulations. But even if his arrest was unlawful, that does not entitle him to the remedy of a writ of habeas corpus. The Supreme Court has held that "[t]he mere fact of an illegal arrest has no bearing on a subsequent deportation proceeding." *I.N.S. v Lopez-Mendoza*, 468 U.S. 1032, 1040 (1984). Put differently, an unlawful arrest does not immunize a person from deportation proceedings or detention as part of those proceedings. Courts have thus denied habeas petitions demanding release based on an allegedly unlawful arrest. *See, e.g., Carnesolta v. Tate*, No. 4:26-cv-01006, 2026 WL 948727, at *4 (S.D. Tex. Apr. 8, 2026) (denying habeas petition and collecting cases); *Marcelino v. Tate*, No. CV H-26-4819, 2026 WL 2160560, at *1 (S.D. Tex. July 27, 2026) (denying habeas and stating that "[a]lthough Petitioner alleges he was arrested without a warrant in violation of the Fourth Amendment and § 1357(a)(2), an illegal <u>arrest</u> has no bearing on the legality of detention <u>following</u> that arrest." (citation and internal quotation marks omitted)).

Petitioner is also not entitled to an injunction against transfer outside the district. Petitioner presents no persuasive reason for the Court to enter an injunction prohibiting his transfer out of this district. *See, e.g., Gonzalez v. Ybarra*, No. 3:25-cv-00656-LS, 2026 WL 93140 (W.D. Tex. Jan. 7, 2026) (denying a request for a temporary restraining order barring the petitioner from being transferred from a district). He has provided no reason why his transfer would be unlawful. And as this order explains, his detention is, in fact, lawful. Without a successful claim on the merits, no relief can be had. *See VRC*

*LLC v. City of Dallas*, 460 F.3d 607, 611, 615–16 (5th Cir. 2006) (stating "[t]he party seeking a permanent injunction must . . . establish [ ] success on the merits[,]" and denying a permanent injunction for failure to prevail on the merits). Petitioner's request for an injunction is denied. *See, e.g.*, *Jaramillo-Arellano v. Blanche*, No. 1:26-cv-01711, 2026 WL 2476440, at *6 (W.D. Tex. Aug. 24, 2026); *Hernandez v. Collins*, No. 1:26-cv-02242, 2026 WL 2790690, at *2 (W.D. Tex. Sept. 17, 2026).

* * *

The petition for writ of habeas corpus is denied. Petitioner's request for an order preserving the Court's jurisdiction is denied as moot.

The Clerk is directed to serve this Order electronically on the United States Attorney's Office for the Western District of Texas.

*So ordered by the Court on November 6, 2026.*

ANDREW DAVIS
United States District Judge